UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

``

| | |
|---|---|
| **MARY LOUISE SMITH** | CIVIL ACTION |
| v. | NO. 07-1496 |
| **FRED'S STORES OF TENNESSEE, INC., et al.** | SECTION "B" |

ORDER AND REASONS

Before the Court is Defendant, (Fred's Stores of Tennessee ("Fred's Stores")), Motion to Dismiss Lloyd Baudier. (Rec. Doc. No. 29) and Plaintiff, Mary Louise Smith Motion to Remand (Rec. Doc. No. 30).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss is **DISMISSED AS MOOT** without prejudice to re-urge in state court proceedings.

*BACKGROUND*

On or about December 12, 2005, the Plaintiff was shopping at Fred's Super Dollar Store, located in LaPlace, Louisiana.  While she was shopping she was hit with a merchandise cart and thrown to the floor.  It is alleged that Lloyd Baudier, an employee/agent of Fred's Super Dollar Store, was operating the merchandise cart which struck the Plaintiff.

In the initial complaint, filed November 29, 2006, Plaintiff named Fred's Stores as the sole defendant.  In the initial complaint she alleges that Fred's Super Dollar Store, through its

agents, employees and owners were guilty of gross and wanton negligence.  She  alleges four reasons why Fred's Stores was the sole and proximate cause of the petitioner's accident and resulting injuries: 1) failure to provide a safe premises for patrons to shop, 2) failure to keep a proper lookout for customers, 3) failed to have employees provide proper lookout and assistance to agents in moving merchandise on the premises, and 4) generally failed to exercise due care for the safety of others.  She also alleged in that Fred's Store was vicariously liable for the actions of the unnamed employee.

On July 19, 2007 Plaintiff filed a motion to amend the complaint, and on August 22 she did, naming Lloyd Baudier as a co-defendant in the litigation.  In the amended complaint the Plaintiff alleges that 1) Baudier stuck her with the merchandise cart, 2) failed to see what he should have seen, 3) failed to exercise due care under the circumstances, and 4) Baudier generally failed to exercise due care for the safety of others.

Defendants filed a motion seeking to dismiss Lloyd Baudier from the suit because any possible claim against him has been prescribed by Louisiana's one-year prescriptive period.  They note that the original complaint did not name Lloyd Baudier as a defendant, and he was not added until August 22, 2007 when Plaintiff amended her complaint, well over the one year prescriptive period. They also contend that Baudier had notice that Plaintiff had filed her suit against Fred's Stores.   Based

on these two allegations, Defendants argue that the complaints against Lloyd Baudier should be dismissed for failure to state a claim upon which relief can be granted.

In response to the Defendants' motion to dismiss, Plaintiff filed a motion to remand the case back to state court.  Plaintiff states that federal jurisdiction is improper because there is no longer complete diversity of the parties. The addition of Lloyd Baudier destroys diversity because he is located in Louisiana. Plaintiff acknowledges that the Defendants filed a motion to dismiss Baudier, but states that their motion is based upon a claim of prescription and that this is baseless.  Plaintiff alleges that Fred's Stores and Baudier are joint-tortfeasors under Louisiana Civil Code Articles 1799, 1789, 2324(c), and 2320.  Since they are joint-tortfeasors then when prescription is interrupted for one it is interrupted for all.  As such Defendants' claim of prescription is without merit, and as such the case should be remanded to state court.

### *LAW AND ANALYSIS*

**A.  Fred Meyers and Lloyd Baudier are Joint Tortfeasors or Solidary Obligors**

Lloyd Baudier was alleged to be the employee/agent of Fred's Super Dollar Store who struck Plaintiff with the merchandise cart.  Plaintiff alleges that since Baudier was an employee of Fred's Super Dollar Store they are joint tortfeasors or solidary obligors.  The Louisiana Civil Code states that the "masters and

employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. C.C. Art. 2320. Further the Louisiana State Supreme Court has held that held that employers and employees are solidary obligors, though they may not be joint tortfeasors under the civil code. *Sampay v. Morton Salt Company*, 395 So.2d 326, 328-9 (La. 1981).

In this case the plaintiff alleges that Baudier was the employee of Fred's Stores that struck her with the merchandise cart. Further there has been no evidence produced to show that Baudier was not an employee at the time of the incident. Since Baudier was an employee of Fred's stores they are solidary obligors under Louisiana law. *See* La. C.C. Art. 2320, *Sampay*, 395 So.2d at 328-9.

### B. Prescription was Interrupted for Lloyd Baudier because he is a solidary obligor with Fred's Stores

Under the Louisiana Civil Code Article 1799 "the interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La. C.C. Art. 1799. Further Under Article 2324(c) the "interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. Art. 2324(c). This was reiterated by the Louisiana State Supreme Court, stating that when "one joint tortfeasor or solidary obligor is sued timely, that suit interrupts prescription as to all other joint

tortfeasors or solidary obligors." *Renfroe v. State ex rel. Dept. of Transportation*, 809 So.2d 947, 950 (La. 2002). Thus it is well established under Louisiana law that if prescription is interrupted for one joint tortfeasor/solidary obligor it is interrupted for all joint tortfeasors/solidary obligor.

However, if the plaintiff sues the wrong defendant this will not interrupt prescription under Louisiana law. *Tufaro v. City of New Orleans*, 2004 WL 1920937 (E.D. La. 2004) (citing *Ruffin v. Blue Plate Foods*, 29 So.2d 722, 725 (La.App. 1947)). A wrong defendant is defined as a defendant who is not connected with to the original defendant. *Heimann v. General Cinema Corp. of La.*, 559 So.2d 919, 921 (La.App. 5th Cir. 1990). In addition, the courts have distinguished between suing a correct defendant by the wrong name and suing an entirely wrong defendant. *Ruffin*, 29 So.2d at 725.

Under Louisiana case law, prescription is only considered interrupted if the plaintiff has sued a joint tortfeasor or a solidary obligor, but not if the plaintiff has sued the wrong defendant.

The two cases cited by Defendants are more akin to suing the wrong defendant than a solidary obligor, and as such they are factually distinguishable from this case. In *Melerine v. American Multi-Cinema, Inc.* the plaintiff was injured when he fell in a movie theater, and brought action against American Multi-Cinema. (AMC). 882 So.2d 628, 629 (La.App. 5th Cir. 8/31/04). However,

AMC had purchased the theater from Gulf States Theaters, after the plaintiff fell in the theater. *Id*. Thus making AMC the wrong defendant for the plaintiff to sue, and the court held that AMC and Gulf States Theaters were not joint tortfeasors or solidary obligors. *Id* at 631. AMC and Gulf States Theaters only came together so that Gulf States could sell the theater to AMC and for no other purposes. *Id*.

*Franz v. Ledoux*, also cited by Defendants, also address the issue of suing the improper defendant and not joint tortfeasors or solidary obligors. In *Franz*, the plaintiff was injured when he fell at a health club and again a month later when he was involved in a car accident. *Franz v. Ledoux*, 927 So.2d 534, 535 (La.App. 5th Cir. 3/28/06). The court there held that while it may be difficult for the fact finder to distinguish the injuries that are attributable to each defendant it does not create a solidary obligation. *Id* at 538. Further the court held that the health club and the driver in the auto accident were separate tortfeasors. *Id*.

Both cases cited by the Defendants are factually and legally distinguishable from the present case. In both cases the defendants were not joint tortfeasors, nor wre they liable as solidary obligors. In both cases the defendants were wholly unrelated to each other and did not have the same kind of relationship that Baudier and Fred's Stores have in this case.

As such under Louisiana law, even though employers and employees are not necessarily joint tortfeasors they are still solidary obligors, and as discussed above when prescription is interrupted for one solidary obligor it is interrupted for all. *See* La. C.C. Art. 1799, *Renfroe*, 809 So.2d at 950.  As state above, Baudier and Fred's Stores are solidary obligors based on the employer/employee relationship. Based on this once prescription was properly interrupted for Fred's Stores by the proper filing of this lawsuit within the prescriptive period, it was interrupted for Baudier, as well. *Id*.  As such Baudier's assertion that this claim has been filed outside the prescriptive period is incorrect.

### *CONCLUSION*

While the Court grants Plaintiff's Motion to Remand because the addition of a non-diverse destroys diversity jurisdiction, the state court to which the case is remanded has authority to resolve whether the action of non-diverse defendant is untimely. Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss is **DISMISSED AS MOOT** without prejudice to re-urge in state court proceedings.

New Orleans, Louisiana, this 29th day of October, 2007.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE